GERALD K. ANDERSON, District Attorney, Waupaca County
Deputy District Attorney Terry Rebholz has requested my opinion on a number of questions involving the legality of payment of witness fees to county traffic officers.
Mr. Rebholz has done substantial research with respect to the questions submitted, and I am in general agreement with the conclusions which he has reached.
The answers to most of the questions raised can be determined by applying the general principles set forth in the lengthy opinion reported in 56 OAG 171 (1967).
The general rule is that where it is the duty of the officer to prosecute and act as a witness or to assist in the prosecution, he is not entitled to witness fees.
This does not mean that the officer is not entitled to any compensation from the county for the period he is required to attend court in the prosecution of a case or where he assists in the prosecution in the regimentation of evidence. Where he is on duty, it is presumed that his regular pay is sufficient compensation. As stated in 56 OAG 171, 176 (1967):
"* * * If court appearances are required outside the officer'sregular hours of duty the municipal unit should consider the advisability of additional payment if the law permits, or compensatory time off." (Emphasis added.)
Such matters are proper to consider in negotiations establishing the compensation for the various positions.
You inquire whether a traffic officer is entitled to witness fees, taxable in a case, where a county traffic offense is involved where: *Page 94 
"1. The officer was on duty at the time of the arrest, but was only assisting (ie, running the radar or breathalyzer, helping control the defendant or even just to move defendant's vehicle) the officer who was issuing the citation.
"2. The officer gained the information while on duty as a traffic officer, and is still a traffic officer on the trial date, and the trial time is:
"a. on his day off or vacation (so that he will be off duty at the time and date of trial);
"b. on a day when he is to work as a traffic officer, but not when he is on duty as a traffic officer;
"c. on a date and time at which he is to be working as a traffic officer (so that he will be on duty as to the date and time of trial)."
It is my opinion that the officer is not entitled to taxable witness fees in the above situations. The county job specifications should deal with the duty to testify or to assist even in so-called "off-duty" hours, and the compensation plan should provide additional compensation for such duties when they take place outside regular working hours or should provide that the stated compensation is for all required services.
You state that all traffic officers are not qualified breathalyzer operators and that it is necessary in some cases to call on qualified officers during "off-duty" hours.
I am of the opinion that when such officers are called to operate the breathalyzer that they are in an on-duty status.
"1. Can or must the off duty officer be paid for this time — either a set fee (as a $5 witness fee) or an hourly rate?
"2. Can, must or should the officer be paid mileage to and from his home to the place of the test if he uses his own private vehicle?
"3. If a fee can be assessed in the above situations, can the fee be assessed — either as a witness fee or hourly rate — against the losing party?"
A person cannot qualify for a witness fee unless he is subpoenaed or testifies. *Page 95 
I am of the opinion that such officer is not entitled to witness fees. When called to duty he may or may not he entitled to additional compensation or to mileage depending upon the job specifications and compensation plan in existence at the time. As stated earlier, these are proper subjects for negotiation when the compensation plan is established. The county board has power to make adjustments as to compensation and out-of-pocket expenses under sec. 59.15 (2) (c) (3), Stats.
RWW:RJV